**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 4, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Ja'Quan T. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
Civil No. 24-0344-CDA

Dear Counsel:

Pursuant to Local Rule 105.10, Plaintiff Ja'Quan[2] T. ("Plaintiff") filed a Motion to Reconsider ("Motion") the Court's March 28, 2025, Memorandum Opinion and Order (the "March 28, 2025 Decision") affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case. *See* ECF 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, the Court will DENY Plaintiff's Motion to Reconsider.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider its affirmance of an ALJ's decision under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). The first two criteria are inapplicable here, and Plaintiff fails to satisfy the third criteria.

Plaintiff argues the Court's opinion contains "manifest errors of law or fact[.]" ECF 17. at

---

[1] Plaintiff filed this case against Martin O'Malley, the Commissioner of Social Security, on April 3, 2024. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, the Court substitutes Commissioner Bisignano as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] This is how Plaintiff's name is spelled in the complaint in this Court and, as a result, the case caption on the Court's docket. *See* ECF 1. The pending motion omits the apostrophe. ECF 17. In any event, the Court uses "Plaintiff" as shorthand and thus will avoid potentially misspelling his name.

1. He also avers the Court's March 28, 2025 Decision "does not address or resolve the issues raised in the opening Plaintiff's Brief ("Brief"), the Plaintiff's Response to Defendant's Brief ("Reply"), and the respective arguments contained therein." *Id.* Specifically, he argues (1) the Court relies on precedent or other authority that does not apply to the circumstances of this case; (2) the Court wrongly attributes a "failure to define" argument to Plaintiff regarding the ALJ's production-rate pace limitation, and thereby misconstrues his position; (3) the Court cites non-existent provisions in medical opinions as support for the ALJ's unexplained limitation; and (4) the Court supplants the ALJ's failure to explain the limitation with its own *post hoc* rationalizations. *Id.*, at 9. For the reasons explained below, the Court disagrees with Plaintiff's contentions.

First, Plaintiff claims the Court cites inapplicable precedent that is precluded by SSA regulation. Plaintiff posits the Court's citation in the March 28, 2025 Decision to a case affirming an ALJ's reliance on a state examiner's analysis to construct an RFC determination is inapplicable. *Id.* at 4; ECF 15, at 5 (citing *Onishea v. Barnhart*, 116 F. App'x 1, 2 (5th Cir. 2004)). He contends that 20 C.F.R. § 416.920b(c),[3] adopted by the SSA in 2017, precludes this precedent. ECF 17, at 4. According to Plaintiff, under this rule, ALJs may not, when making an RFC determination, consider state agency disability examiner findings from a previous level of adjudication.[4] *Id.* And, he continues, the Rule does not assign any persuasive value to statements regarding whether a claimant is disabled, blind, able to work, or able to perform regular or continuing work, because these determinations are reserved for the Commissioner.[5] *Id.* at 4-5. In their decision, the ALJ relies on opinions of state medical examiners Lake, Smith, and Rutt when crafting the RFC. Tr. 2792-93. Plaintiff argues the Court affirms the ALJ's reliance on these opinions even though they are precluded by regulation and carry no inherent persuasive value. ECF 17, at 5.

Plaintiff misinterprets this regulation. The disability examiner (DE) makes the disability determination after the Plaintiff files for benefits. *See* 20 C.F.R. § 404.1615 (highlighting that disability determinations are made by a "State agency medical or psychological consultant and a

---

[3] "*Evidence that is inherently neither valuable nor persuasive*. Paragraphs (c)(1) through (c)(3) apply in claims filed (see § 416.325) on or after March 27, 2017. Because the evidence listed in paragraphs ((c)(1)-(c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision[.]" 20 C.F.R. § 416.920b(c).

[4] "*Disability examiner findings.* Findings made by a State agency disability examiner made at a previous level of adjudication about a medical issue, vocational issue, or the ultimate determination about whether you are disabled." *Id.* § 416.920b(c)(2).

[5] "*Statements on issues reserved to the Commissioner*. The statements listed in paragraphs (c)(3)(i) through (c)(3)(ix) of this section would direct our determination or decision that you are or are not disabled or blind within the meaning of the Act, but we are responsible for making the determination or decision about whether you are disabled or blind: (i) Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work[.]" *Id.* § 416.920b(c)(3)(i).

State agency disability examiner", a "State agency disability examiner alone" in certain circumstances, or a "State agency disability hearing officer"); *see also* Soc. Sec. Admin., Program Operations Manual Sys. (POMS), § DI 24501.001 (2024) ("The role of the DE in the disability determination process includes, but is not limited to the responsibility to: a. Develop the case[;] b. Prepare the case for [medical consultant], [psychological consultant], or [medical advisor] review[;] c. Evaluate the vocational aspects of the case[; and] d. Prepare the determination."). The DE's determination occurs *before* the ALJ holds a hearing and makes an RFC determination. *See* SSR 13-1p, 2013 WL 633939 (Jan. 29, 2013) ("Our ALJs perform an essential role in ensuring that our administrative process is fair to claimants by conducting de novo, informal, non-adversarial hearings and issuing decisions for claimants who are dissatisfied with our determinations in claims arising under the Social Security Act.").

Here, Drs. Lake, Smith, and Rutt employ roles more akin to medical consultants (MCs)[6] and psychological consultants (PCs).[7] Tr. 2792-93. The 2017 regulation Plaintiff relies on precludes the ALJ from relying on previous *DE findings*. 20 C.F.R. § 416.920b(c) (emphasis added). Though MCs and PCs make disability determinations, these findings help inform the DE's findings. 20 C.F.R. § 404.1616(a)-(c). Furthermore, the ALJ relies on the opinions of Drs. Lake, Smith, and Rutt in considering Plaintiff's neurocognitive disorders and personality disorders, as well as any limitations these may cause him. Tr. 2792-93. When determining Plaintiff's RFC, the ALJ does not rely on the DE's findings made at the initial filing for benefits or on initial reconsideration. *Id.* at 2787-2794; Tr. 645-53.

Additionally, the opinions of Drs. Lake and Smith highlight Plaintiff's mild-to-moderate limitations in understanding, remembering or applying information, interacting with others, adapting or managing himself, concentrating, maintaining pace, and persisting. Tr. 2792. Dr. Rutt's opinions found Plaintiff has a moderate-to-severe limitation in understanding and memory, and moderate limitations in sustained concentration, persistence, social interaction, and adaption. Tr. 2793. These opinions do not state whether Plaintiff is or is not "disabled, blind, able to work, or able to perform regular or continuing work." 20 C.F.R. § 416.920b(c)(3). Therefore, it is

---

[6] "(a) *What is a medical consultant?* A medical consultant is a member of a team that makes disability determinations in a State agency . . . or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves. The medical consultant completes the medical portion of the case review and any applicable residual functional capacity assessment about all physical impairment(s) in a claim." *Id.* § 404.1616(a).

[7] "(c) *What is a psychological consultant?* A psychological consultant is a member of a team that makes disability determinations in a State agency . . . or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves. The psychological consultant completes the medical portion of the case review and any applicable residual functional capacity assessment about all mental impairment(s) in a claim. When we are unable to obtain the services of a qualified psychiatrist or psychologist despite making every reasonable effort . . . in a claim involving a mental impairment(s), a medical consultant will evaluate the mental impairment(s)." *Id.* § 404.1616(c).

unclear what opinions Plaintiff is referring to when he argues that the Court relies on "evidence that inherently carries no persuasive value" to "supplant the ALJ's reasoning." ECF 17, at 5.

Even if such an error occurred, Plaintiff bears the burden to prove a different adjudication of his case would result in a different outcome for him. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *see also Turner v. Colvin*, No. 13-0761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015) ("Plaintiff has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome in the case and, thus, such harmless error does not warrant remand."). Plaintiff counters that his Reply "explicitly informed the Court of such harm." ECF 17, at 7-8; ECF 14, at 9.

The Court does not find Plaintiff's satisfies the burden on reconsideration. Plaintiff suggests the possibility of additional limitations but does not support that these limitations would have resulted in a more restrictive RFC. ECF 17, at 7-8. Plaintiff's Reply also argues the ALJ's failure to conduct a narrative discussion regarding Plaintiff's time spent off task or absent due to his limitations is harmful error, as such limitations may preclude work at step five. *Id.* at 8. Regardless of its merit, Plaintiff waives this argument because he raised it for the first time in his Reply. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop [its] argument—even if [its] brief takes a passing shot at the issue.") (internal quotation marks and citation omitted) (alterations in original). Therefore, Plaintiff's first argument fails to show a clear error of law or a manifest injustice in the March 28, 2025 Decision.

Plaintiff's second argument frames the circumstances in a manner that does not reflect the whole picture. In his Brief and Reply, Plaintiff posits the ALJ decision lacks a narrative discussion of the RFC production-rate pace limitation and violates Social Security Ruling ("SSR") 96-8p. ECF 11, at 7-9; ECF 14, 5-6. Though Plaintiff's Reply concedes that the ALJ did not err pursuant to *Mascio v. Colvin* when including a pace limitation, ECF 14, at 5, or when defining a limitation in a hypothetical to the vocational expert and corresponding RFC assessment, ECF 14, at 5, n.2, he discusses case law warranting remand where the ALJ failed to properly define "production-rate pace," ECF 14, at 3-5. The Court's decision addresses Plaintiff's discussion in a footnote and opines Plaintiff waived such an argument because he first raised it in his Reply. March 28, 2025 Decision at 4, n.3. Plaintiff's Motion argues the Court "wholly and materially misinterpreted" his argument by misattributing a "failure to define" argument to him. ECF 17, at 2.

However, the Court recognized and addressed Plaintiff's argument directly. March 28, 2025 Decision at 4 ("Plaintiff argues that the ALJ failed to provide a proper narrative discussion of the RFC's production-rate pace limitation, rendering the ALJ's RFC determination unsupported by substantial evidence.") The decision describes a narrative discussion when noting how the ALJ's reliance on the medical opinions built a logical bridge between the evidence in the record and his RFC determination. *Id.* at 4-5. The "failure to define" discussion appears in a footnote after the Court acknowledges and directly responds to Plaintiff's argument in this way. *Id.* at 4, n.3. To say the Court "wholly and materially misinterpreted" Plaintiff's argument after a direct discussion and response does not represent the entirety of the record or discussion in the decision.

ECF 17, at 2. For those reasons, Plaintiff's second argument fails to show that the Court's reasoning constitutes a clear error of law or a manifest injustice.

Plaintiff further claims the Court cited non-existent provisions in the medical opinions when affirming the ALJ's decision. *Id.* at 5. Plaintiff posits the Court erred when attributing "a restriction from performing work at a specific production-rate pace" to the Lake, Smith, and Rutt medical opinions because "[i]n this case, there is no medical or non-medical opinion finding that ever included, mentioned, discussed, or contemplated a restriction from performing work at a specific production pace." *Id.* at 5-6. Though the Court generally agrees that such a restriction may not have been opined expressly, the medical provisions in the ALJ's decision discuss Plaintiff's limitations in understanding, carrying out simple instructions, social interaction and adaption, and applying information. Tr. 2792-93. Such medical opinions help the ALJ contemplate and build a logical bridge to a production-rate pace restriction. Tr. 2792-93; *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). The Court discusses and acknowledges this logical bridge. ECF 15, 4-5. Thus, Plaintiff's third argument fails to show that the Court's reasoning contains a clear error of law or a manifest injustice.

Similarly, Plaintiff's argument that the Court's affirmation of the ALJ's decision is premised on *post hoc* conjectures fails to meet the legal standard for a clear error of law or a manifest injustice. ECF 17, at 5-7. As discussed above, Plaintiff contends "there is no medical or non-medical opinion finding that ever included, mentioned, discussed, or contemplated a restriction from performing work at a specific production pace." *Id.* at 5-6. However, the ALJ relies on and assigns persuasive value to medical opinions discussing Plaintiff's mental functional limitations and how they affect his day-to-day life. Tr. 2792-93. The ALJ also relies on the state agency determination that Plaintiff has "[a] 'marked limitation' in his ability to complete detailed work," Tr. 2792, and Plaintiff's subjective testimony about his difficulty paying attention, following directions, understanding, and concentration, Tr. 2792-93. The ALJ also found the opinions of Drs. Lake and Smith opinions partially persuasive and Dr. Rutt's opinion as generally persuasive. *Id.* The Court refers to the ALJ's discussion of medical opinions, subjective statements, and consistency with the record in affirming the ALJ's decision. *Id.* In other words, there is support for the RFC limitation within the ALJ's decision itself; no *post hoc* rationalizations manifest in the Court's analysis. *Id.*; *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (affirming an ALJ's decision where: (1) the ALJ adopted, without explanation, certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned persuasive value to the opinion). Thus, Plaintiff fails to show that the Court's reasoning on the fourth issue contains a clear error of law or a manifest injustice.

In sum, Plaintiff failed to show that the Court committed a clear error of law or a manifest injustice by relying on inapplicable precedent; misconstruing Plaintiff's argument, supporting the ALJ's limitation by citing non-existent provisions, and supplanting the ALJ's failure to explain with its own rationalizations. Therefore, reconsideration is not warranted. For the foregoing reasons, Plaintiff's Motion to Reconsider, ECF 17, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge